UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                    Case No.:     3:13-cr-30-J-34PDB

ERVIN HILTON, JR.

_____/

**ORDER**

This case is before the Court on Defendant Ervin Hilton, Jr.'s Motion for Compassionate Release (Doc. 84, Motion), Supplement to the Motion (Doc. 87, Supplement), and letter to the Court regarding exhaustion (Doc. 89).[1] Hilton is a 60-year-old inmate incarcerated at Jesup FCI, serving a 180-month term of imprisonment for the distribution of cocaine and the possession of a firearm by an armed career criminal. (Doc. 72, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on February 19, 2027. Hilton seeks a reduction in sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), because of the Covid-19 pandemic and because he has unspecified "poor health conditions." Motion at 1. In his Supplement, Hilton states that he has a "thyroid ailment" and that he takes the following medications: (1) tamsulosin (used to treat benign prostatic hyperplasia); (2) levothyroxine (used to treat hypothyroidism); (3) atorvastatin (used to treat high cholesterol); (4) docusate (a stool softener); and (5) acetaminophen (or Tylenol, an anti-inflammatory pain reliever). Supplement at 1-2.

---

[1] The Court construed the letter as a motion for extension of time to file records regarding exhaustion of administrative remedies. (See Docs. 88, 89).

1

The United States opposes the Motion because Hilton did not exhaust his administrative remedies, because Hilton has not demonstrated extraordinary and compelling circumstances, because the BOP is taking significant measures to respond to the Covid-19 crisis, and because the § 3553(a) factors do not support a reduction in sentence. (Doc. 86, Response).

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, as amended by the First Step Act, § 3582(c) provides in relevant part:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>   (i) extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement on compassionate release is set forth at U.S.S.G. § 1B1.13.[2] A movant for compassionate

---

[2] The policy statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> **(1)** **(A)** Extraordinary and compelling reasons warrant the reduction; or

2

release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate).

The record shows that Hilton submitted a request for compassionate release to the warden of his facility on April 28, 2020. (Doc. 86-1, Inmate Request). The warden denied the request on May 15, 2020, concluding that "COVID-19 does not currently warrant an early release from your sentence." (Doc. 86-2, Warden's Denial). Hilton filed the instant Motion on or about June 18, 2020 (Doc. 84-1, Mailing Envelope), more than 30 days after he submitted his administrative remedy request. Accordingly, Hilton has satisfied § 3582(c)(1)(A)'s 30-day waiting period, such that his administrative remedies are exhausted.[3]

Nevertheless, Hilton has not established "extraordinary and compelling" reasons for compassionate release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. As the Third Circuit Court of Appeals recently observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's

---

**(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

**(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

**(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary defines "extraordinary and compelling reasons" to mean a defendant's medical condition, old age, certain family circumstances, or "other reasons" as determined by the Director of BOP, as set forth in § 1B1.13, cmt. 1.

[3] Hilton seeks an extension of time to supplement the record with additional information regarding the exhaustion of administrative remedies. (Doc. 89). Because the Court finds that Hilton has exhausted his administrative remedies, this motion for extension of time is due to be **DENIED as moot**.

3

statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Although Hilton alleges that he has various medical conditions (or takes medication for various conditions), he has failed to produce any documentation to verify these claims. The lack of supporting evidence matters because a movant under § 3582(c) carries the burden of proof. Heromin, 2019 WL 2411311, at *2; Hamilton, 715 F.3d at 337. But even assuming the truth of Hilton's allegations, he still has not established extraordinary and compelling reasons. None of the medical conditions that Hilton points to – hypothyroidism, enlarged prostate, high cholesterol, etc. – has been identified by the Centers for Disease Control (CDC) as a risk factor for severe illness from Covid-19.[4] As such, Hilton has not shown that he suffers from a serious medical or physical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A)(ii).

Moreover, Hilton is not eligible for compassionate release because the sentencing factors under 18 U.S.C. § 3553(a) do not support early release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. As reflected by the Presentence Investigation Report (PSR), Hilton has a lengthy criminal history replete with drug offenses. See PSR at ¶¶ 3, 38, 45-92. Indeed, Hilton was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because of the severity of his record. The Court sentenced Hilton to a term of 180 months in prison because, in the eyes of Congress, that is the minimum sentence that a person with Hilton's criminal record and offense of conviction should receive. Compounding matters, Hilton was disciplined as recently as 2018 for fighting a fellow inmate. See

---

[4] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

4

Response at 12; (Doc. 86-4, Disciplinary Log). Hilton still has more than six years remaining on his mandatory minimum prison sentence. In view of the § 3553(a) factors, reducing Hilton's prison sentence by more than six years at this time, on these facts, would not be consistent with the statutory purposes of sentencing. As such, the Motion is due to be denied.[5]

In light of the foregoing, it is hereby **ORDERED**:

1. Defendant Ervin Hilton's Motion for Extension of Time (Doc. 89) is **DENIED AS MOOT**.

2. Hilton's Motion for Compassionate Release (Doc. 84) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of July, 2020.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant

---

[5] To the extent Hilton requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).