# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 3:13-cr-30-MMH-PDB

ERVIN HILTON, JR.

_____

Defendant, Ervin Hilton, Jr., proceeding pro se, filed this Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 96; Motion) on January 13, 2023.   The United States opposes the Motion.   See United States' Response in Opposition to Defendant's Motion for Compassionate Release (Doc. 99; Response).   Hilton filed a Reply to the United States' Response (Doc. 101; Reply) on March 1, 2023.   Upon consideration of the record, the applicable legal authority, the factors set forth in 18 U.S.C. § 3553(a), and the relevant policy statements issued by the Sentencing Commission,

IT IS ORDERED that the Motion is:

☒ DENIED after complete review of the Motion on the merits.

☒FACTORS CONSIDERED

Hilton is a 64-year-old inmate incarcerated at Orlando RRM. At the time Hilton filed the Motion, he was serving a 180-month term of imprisonment for distribution of cocaine and possession of a firearm by a convicted felon in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. §§ 922(g)(1), 924(e). See Judgment in a Criminal Case (Doc. 72; Judgment). Hilton is projected to be released on February 19, 2026. See Bureau of Prisons Inmate Locator at https://www.bop/gov/inmateloc/ (last accessed on January 17, 2025). He seeks compassionate release based on (1) his medical conditions including precancerous polyps, chronic prostate issues, arteriosclerosis, high blood pressure, and hypothyroidism, (2) his family circumstances regarding his brother and sister-in-law requesting help with their basic care, (3) his advanced age and service of half his sentence, and (4) his alleged assault by another inmate in 2018. See generally Motion.

A district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. 18 U.S.C. § 3582(c). As amended by the First Step Act, § 3582(c)(1)(A) provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of

> probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).   The Eleventh Circuit Court of Appeals instructs that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'"   United States v. Bryant, 996 F.3d 1243, 1247, 1249 (11th Cir. 2021), superseded in part on other grounds by U.S.S.G. § 1B1.13 (2023).   A movant for compassionate release must establish that a reduction in sentence is warranted.   United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)).[1]   And, "[b]ecause the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain

---

[1] The Court does not rely on unpublished opinions as binding precedent, but they may be cited in this Order when the Court finds them persuasive on a particular point.   See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).

"[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and … (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement."   United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021).   However, "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate release analysis in any particular order." Id.   "Because all three conditions – i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement – are necessary, the absence of even one would foreclose a sentence reduction."   Id. at 1238.

Under U.S.S.G § 1B1.13, extraordinary and compelling reasons that may render a defendant eligible for a sentence reduction include: (1) medical circumstances of the defendant; (2) advanced age plus length of the term already served; (3) family circumstances that result in the defendant being the only available caregiver for a minor or incapacitated immediate family member; (4) sexual or physical abuse of the defendant by an individual with custody or control of the defendant during the term of imprisonment sought to be reduced;

- 4 -

(5) other circumstances similar in gravity to those in (1) through (4); and (6) an "unusually long sentence," if the defendant has served at least 10 years of imprisonment and a change in the law would produce a gross disparity between the defendant's sentence likely to be imposed at the time the motion is filed. <u>See</u> U.S.S.G § 1.B1.13(b)(1)-(6).   However, even if the court finds that an extraordinary and compelling reason exists, it still may not reduce the defendant's term of imprisonment under § 3582(c)(1)(A) unless it also finds that the defendant's release would not endanger the community and that the factors listed in 18 U.S.C. § 3553(a) favor compassionate release.   <u>Tinker</u>, 14 F.4th at 1237.

First, Hilton asserts that his medical conditions warrant compassionate release because "[t]he Federal Bureau of Prisons can not provide the medical resources" he needs.  <u>See</u> Motion at 6.   Hilton's medical records confirm that he is currently being treated for benign prostatic hyperplasia (BPH), also known as an enlarged prostate, and that a greenlight laser course of treatment was recommended and selected for him.   <u>See</u> Exhibit A to United States' Response in Opposition to Defendant's Motion for Compassionate Release at 1-3 (Doc. 100-1; Exhibit A).[2]   Likewise, the medical records show that Hilton had polyps removed by polypectomy and thermal therapy.  <u>Id.</u> at 105.   Hilton's medical

---

[2] Exhibit A is filed under seal at docket entry 100.

reports also document negative findings for cancer. <u>Id.</u> at 152-153. Additionally, Hilton has a history of high blood pressure and is prescribed medication for his high blood pressure. <u>Id.</u> at 2, 69. Finally, Hilton takes medication for hypothyroidism. <u>Id.</u> at 2-3. According to Hilton, his conditions are worsening and the Bureau of Prisons (BOP) lacks the medical resources necessary for his care. <u>See</u> Motion at 6. However, the medical records do not support his claim. The records reflect that the BOP is providing him sufficient care. <u>See generally</u> Exhibit A. Here, Hilton has not demonstrated that he is suffering from a terminal illness or from an illness that substantially diminishes his ability to provide self-care within the prison environment. <u>See</u> U.S.S.G. § 1B1.13(b)(1)(A)-(B). Nor has he shown that he "requires long-term or specialized medical care that is not being provided." <u>See</u> U.S.S.G. § 1B1.13(b)(1)(C). Notably, the Eleventh Circuit has affirmed denials of requests for reductions in sentence from inmates suffering from an array of non-terminal illnesses. <u>See</u> <u>United States v. Lawson</u>, No. 22-10851, 2023 WL 316143, at *2 (11th Cir. Jan. 19, 2023) (finding no indication that the BOP deprived defendant of adequate medical care); <u>United States v. McCormick</u>, No. 21-12814, 2022 WL 2951976, at *3 (11th Cir. July 26, 2022) (finding that inmate with COPD, high blood pressure, and two heart valve surgeries failed to show that his medical conditions substantially diminished his ability to provide self-

care); United States v. Keys, No. 20-12318, 2021 WL 3012657, at *1-3 (11th Cir. July 16, 2021) (finding that poor circulation, asthma, emphysema, cataracts, and blood clots were not sufficiently serious or debilitating to justify a reduced sentence). Upon review of the record before the Court, including the medical records provided by Hilton, the Court finds that he has failed to establish that his medical conditions are sufficiently severe to constitute an extraordinary and compelling reason to warrant compassionate release under § 1B1.13(b)(1).

Next, Hilton argues that his brother and sister-in-law need a caregiver. See Motion at 6. Section 1B1.13(b)(3) permits a reduction in sentence based upon the death or incapacitation of an immediate family member of an inmate where that individual is the only available caregiver. However, Hilton has not established sufficient facts to justify a reduction in sentence based upon family circumstances. Hilton merely asserts that his 76-year-old brother has requested Hilton's assistance, but he has not shown that his brother is incapacitated or that Hilton is the only available caregiver. Accordingly, Section 1B1.13(b)(3) does not apply.

Hilton also seemingly argues that his advanced age, and length of his sentence served, warrant a reduction in his sentence. See Motion at 6. Section 1B1.13(b)(2) permits a reduction in sentence if the defendant is at least 65 years old, is experiencing a serious deterioration in health due to advanced

age, and has served at least 10 years or 75 percent of his term of imprisonment. Critically, Hilton is not 65 years old, nor has he established that he is experiencing "serious deterioration in physical or mental health because of the aging process" and thus, 1B1.13(b)(2) does not apply.

Finally, Hilton contends that a 2018 assault by another inmate warrants a reduction in sentence and he requests that this Court "review the actions of the BOP and their policies concerning inmate assaults[.]"   See Motion at 7.   Section 1B1.13(b)(4) permits a reduction in sentence if the defendant, while in custody, was a victim of physical abuse resulting in "serious bodily injury" and the abuse "was committed by, or at the direction of, a correctional officer, an employee or contractor of the [BOP], or any other individual who had custody or control over the defendant."   Hilton does not argue that a sentence reduction is warranted because he suffered serious bodily injury as a result of the assault, nor does he allege that a BOP employee or contractor committed the assault—instead, he appears to challenge BOP policies regarding inmate fighting.   See Motion at 7.   However, § 3582(c)(1)(A) is not the appropriate avenue to raise challenges to BOP policies.

Regardless, the sentencing factors under 18 U.S.C. § 3553(a) do not support granting compassionate release at this time.   As discussed above, even if the court finds that an extraordinary and compelling reason exists, the court

- 8 -

may not reduce a defendant's term of imprisonment under § 3582(c)(1)(A) unless it also finds that the defendant's release would not endanger the community and that the factors listed in 18 U.S.C. § 3553(a) favor compassionate release.  <u>Tinker</u>, 14 F.4th at 1237.

Hilton pled guilty to serious drug and firearm possession charges, and at sentencing, qualified as an armed career criminal as defined under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4.  <u>See</u> Judgment at 1; Presentence Investigation Report (Doc. 81; PSR) at 8.[3]   Indeed, at the time of sentencing, Hilton had a 30-year history of criminal conduct, and his sentence reflects this reality.  <u>See</u> PSR at 9-22.   Hilton's advisory guidelines range based upon a total offense level of 31 and Criminal History Category of IV called for a term of imprisonment of 188 to 235 months.  <u>Id.</u> at 26.  The Court varied downward to a sentence of 180 months, the mandatory minimum sentence required to be imposed on an individual with Hilton's criminal history and offense of conviction.  <u>See</u> 18 U.S.C. § 924(e).  The Court commends Hilton for taking some responsibility for the actions that led to his incarceration, <u>see</u> Reply at 2-3, but he has not demonstrated that compassionate release is warranted at this time.  And, a

---

[3] The PSR is attached to a March 31, 2016 Memorandum filed by the United States Probation Office in regards to Hilton's eligibility for a sentence reduction based upon the retroactive changes to the sentencing guidelines applicable to drug offenses found at docket entry 81.   In citing to the PSR, the Court will cite to the page numbers on the bottom of the page of the PSR rather than the page numbers assigned by the Court's electronic filing system.

defendant bears the burden of establishing that compassionate release is warranted.  See <u>Kannell</u>, 834 F. App'x at 567 (citing <u>Green</u>, 764 F.3d at 1356).

Accordingly, Defendant Ervin Hilton, Jr.'s, Motion for Compassionate Release (Doc. 96) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of January, 2025.


**MARCIA MORALES HOWARD**
United States District Judge



Lc34

Copies to:

Counsel of Record

Defendant